UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICARDO REGIS,<br><br>    Plaintiff,<br><br>v.<br><br>ROSELENE DEVI, STATE OF MINNESOTA RAMSEY COUNTY DISTRICT COURT SECOND JUDICIAL DISTRICT, and UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA,<br><br>    Defendants. | Civil No. 12-1421 (MJD/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    BACKGROUND**

Plaintiff is attempting to sue three named defendants who are identified as (1) Roselene Devi, (2) State of Minnesota Ramsey County District Court Second Judicial District, and (3) United States Bankruptcy Court District of Minnesota. The substantive allegations of plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

   "Intentional Fraud."

(Complaint, [Docket No. 1], p. 4, ¶ 7.)

Plaintiff has described the relief he is seeking as follows:

"I want a [sic] amount of monetary compensation of $200,000.00 Because of that fraud from the Defendants I lost my house."

(Id., p. 4, "Request for Relief.")

## II.   DISCUSSION

An IFP application will be denied, and the action will be dismissed, when an IFP application has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).  See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) ("[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that plaintiff's current complaint fails to state an actionable claim for relief, because it does not allege any historical facts that could entitle plaintiff to any judgment against any of the named defendants under any statute or common law doctrine. The complaint does not describe anything that any defendant did (or failed to do) that could

be viewed as a violation of plaintiff's rights under any cognizable legal theory. Indeed, none of the named defendants is even mentioned in the scant allegations of plaintiff's complaint.

Based on plaintiff's two-word description of his claim, ("intentional fraud"), it appears that he is attempting to sue defendants for some type of alleged fraud. The Federal Rules of Civil Procedure impose a heightened pleading standard for fraud claims, requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff's complaint obviously does not come close to satisfying this requirement, as there are no allegations describing anything "with particularity."

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint certainly does not meet this standard. Again, plaintiff has not described any specific historical events, and he has not described any specific acts or omissions by any of the individual named defendants that could entitle him to any legal redress. Therefore, plaintiff's complaint fails to state a cause of action on which relief can be granted.[1]

---

[1] The Court further notes that two of the named defendants – "State of Minnesota Ramsey County District Court Second Judicial District," and "United States Bankruptcy Court District of Minnesota" – do not appear to be cognizable legal entities that have the capacity to be sued. Furthermore, even if those defendants are suable entities, they are undoubtedly immune from being sued in federal court, because state agencies generally are immune from suit (in federal court) under the Eleventh Amendment to the Constitution, (Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988)), and federal agencies are immune from suit under the doctrine of sovereign immunity, (Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991)).

It is conceivable that Plaintiff could, perhaps, plead a fraud claim against the only other remaining defendant, Roselene Devi, (although he certainly has not done so here). However, any such claim could be brought only in state court. Because fraud is a state common law claim, and plaintiff and defendant Devi reside in the same state, any fraud

Because plaintiff has not pleaded an actionable claim for relief, the Court will recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:      June 25, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 9, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

claim brought against defendant Devi in federal court would have to be summarily dismissed for lack of federal subject matter jurisdiction. See 28 U.S.C. §§ 1331 and 1332; Fed. R. Civ. P. 12(h)(3).

4